Berio, Plaintiff and Appellant, *v.* American Railroad Company of Porto Rico, Defendant and Appellee.

### Appeal from the District Court of San Juan, Section 1, in an Action for Damages.

#### No. 1363.—Decided July 24, 1916.

Opinion of Court—Transcript of Record—Appeal.—The opinion of the trial judge is not such an essential part of the record that its omission from the transcript could be made a ground for the dismissal of the appeal, although the better practice is to include it for the guidance of the court. The appeal is taken from the judgment and not from the opinion.

Id.—Statement of Case—Omission—Evidence.—A party is not prejudiced by the omission from the opinion of facts which the judge considers it unnecessary to state, for what really concerns the parties is that the facts of the case, as they actually came before the trial court for consideration, appear in the statement of the case.

Damages—Shipment of Merchandise—Delivery to Agent—Bill of Lading.—When mercandise shipped by railroad is delivered to an agent of the consignee duly authorized to receive it, such delivery is the same as if made to the consignee himself, although the waybill, or bill of lading, is not presented, and no action will lie against the carrier for damages caused by the loss of the merchandise after its receipt by the agent.

The facts are stated in the opinion.

*Mr. Herminio Díaz Navarro* for the appellant.

*Messrs. José de Diego* and *F. G. Pérez Almiroty* for the appellee.

Mr. Chief Justice Hernández delivered the opinion of the court.

.This is an action brought by Gaspar Berio in the District Court of San Juan, Section 1, against the American Railroad Company of Porto Rico, to recover damages for the failure of the defendant to deliver merchandise shipped from Mayagüez to the plaintiff at Bayamón, said merchandise having been delivered to another person and destroyed by fire while in his possession.

The case was tried by the said court and on November 18, 1914, it rendered judgment dismissing the action with costs and expenses. From that judgment the plaintiff appealed to this court.

The opinion on which the judgment is based contains the following findings of fact:

1. That in the latter part of July, 1914, the commercial firm Successors of Frontera, of Mayagüez, shipped six boxes and one bale of merchandise from .the defendant's railroad station in Mayagüez to the plaintiff at Bayamón under a bill of lading made out to him as consignee, the said merchandise to be delivered at the said station of Bayamón and the freight charges to be paid on delivery.

2. That the defendant company delivered the merchandise at the Bayamón station to Jaime Gay, the owner of the Corozal freight automobile service, without his having presented the bill of lading made out to the consignee upon receiving the merchandise at the Bayamón station.

3. That previously, or on July 15, Jaime Gay had contracted with Gaspar Berio to transport to Corozal from the stations of the Cataño line the merchandise and goods consigned to the plaintiff, and that since that date it was the practice to deliver to Jaime Gay, or his employees, all packages marked for the plaintiff, without requiring the presentation of the bills of lading made out to Berio at the stations of the Cataño-Bayamón line, such delivery being made under orders of a general character given by Berio for the receipt of all freight for him in Cataño, Bayamón and San Juan.

4. That on August 4, 1914, acting under the conditions of the said transportation agreement, Jaime Gay, or his employees, received from the defendant the said merchandise and took it to Gay's warehouse in the town of Corozal, where it was to be received by the plaintiff for transportation to his store in the country.

5. That during the night of August 4 the merchandise of Gaspar Berio, which was in the warehouse of Jaime Gay

pending delivery to the plaintiff, was destroyed by a fire which took place in the town of Corozal.

The lower court understands that the contract and the authority given to Gay, which the plaintiff does not deny but says that it was limited to the offices of the *Línea Férrea del Oeste,* also included the station of the American Railroad Company of Porto Rico and that the authority given by the plaintiff to Gay to receive his mercandise without the necessity of presenting the bill of lading, was general for all of the said stations, as was shown by the testimony of absolutely credible witnesses; wherefore, as Jaime Gay, in receiving the merchandise consigneed to Berio, acted with due authority from the latter, the defendant is exempt from any civil liability for having delivered the same to Gay without his having presented the bill of lading or waybill.

In the brief filed by the appellant in this court he prays for the reversal of the judgment appealed from on the ground of alleged errors of fact and of law committed by the trial court.

The alleged errors of fact are as follows:

1. In finding that the defendant denied generally and specifically all and each of the facts alleged in the complaint, whereas it only pleaded a general denial.

2. That the court had no authority to make any declaration regarding facts distinct from those left in issue by the general denial of the answer, such facts being that the merchandise shipped on the railroad should be delivered to the consignee in the station at Bayamón, and that the station agent at the said town delivered the same to an automobile company without requiring the bill of lading although the plaintiff had authorized no one to remove the same, the defendant being thus estopped from raising and attempting to prove the issue that the plaintiff made a contract with the owner of a transportation service for the delivery of all the merchandise which the defendant might carry to Bayamón for him.

3. In finding that the merchandise was carried under a bill of lading the court failed to state that the said bill of lading was the one which was protocoled in the notarial act introduced in evidence and admitted without objection on the part of the adverse party.

4. That the court also omitted to state that the said bill of lading is a shipping contract between the company and the shipper, and that under the said contract it is made the title for claiming the delivery of the merchandise.

The said errors do not affect the judgment appealed from, but only the opinion of the court; and the opinion is not such an essential part of the record that its omission from the transcript could be made a ground for the dismissal of the appeal, although the better practice is to include it in the record for the guidance of the court. The errors as alleged may exist and yet the judgment appealed from may be sustained. The appeal is taken from the judgment and not from the opinion. The real interest of the parties is that the facts of the case as considered by the lower court appear in the statement of the case in order that it may be ascertained whether there was error in weighing the evidence. No injury was done to the party by the omission from the opinion of facts which the court deemed it unnecessary to set out.

Notwithstanding the fact that the defendant-appellee alleged in the answer that it denied generally and specifically all and each of the allegations of the complaint, that denial was really general and not specific, but by virtue thereof all the facts alleged in the complaint, as well as those related thereto, were submitted to the consideration of the court; and apart from the right of the defendant within its general denial to show that it had delivered the merchandise to a person authorized to receive the same, the plaintiff himself raised that question in averring in his complaint that the station agent had assured him that he had delivered the merchandise to a freight automobile company of Corozal.

The plaintiff denied that the said company was authorized to receive the merchandise. Moreover, the evidence was introduced without objection on the part of the plaintiff and having been admitted in such circumstances, the court could consider all the matters to which it related.

The alleged errors of law are as follows:

1. Violation of the law of the contract in holding that mistakes made by the employees of a corporation can change and invalidate a transportation contract made by the same corporation in conformity with its rules and with the law.

2. Violation of the law of the contract in holding that an alleged practice contrary to law, or an alleged verbal contract which is a nullity because of the lack of authority of one of the contracting parties, could invalidate another contract which was perfectly lawful.

3. Violation of articles 351, 353 and 355 of the Code of Commerce, of article 22 of the rules of the defendant company and of the law of the contract as to the stipulations therein regarding the delivery of the merchandise.

In assigning the foregoing errors of law as grounds of the appeal the plaintiff-appellant proceeds from erroneous assumptions, for it is not shown that employees of the defendant corporation failed in their duties by delivering the merchandise to a person who was not authorized to receive it. The court found that Gaspar Berio and Jaime Gay had entered into a contract for the transportation of the merchandise of the former from the stations in Bayamón of the *Línea Férrea del Oeste* and of the American Railroad Company of Porto Rico to the town of Corozal, and under the said contract Gay was authorized to remove, as he did, from the defendant's station in Bayamón the merchandise consigned to Berio from Mayagüez.

Had no such authorization existed, the defendant company would have violated the law of the contract under which it was obliged to deliver the merchandise to the plaintiff

upon presentation of the waybill, but as Gay was the agent of Gaspar Berio, the delivery to Gay had the same effect as a delivery to Berio himself, thus leaving the company free of all responsibility.    Berio's contract with Gay was not presumptive, but real and certain, and it was not invalidated by the incapacity of one of the contracting parties, inasmuch as the contracting parties were the plaintiff himself and Jaime Gay, both of age and in full possession of their civil personalities.

All the errors are based on the assumption that Gay was not authorized to receive the merchandise consigned to Berio at the station of the defendant, as is maintained by the appellant against the finding from the evidence by the lower court, but he has neglected to show us that the said court was influenced by passion, prejudice, or partiality or committed manifest error.    The appellant does not review or analyze the evidence in order to convince us that such error was committed, nor does he cite any provision of the Law of Evidence as violated.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice Hutchison concurred in the judgment.